WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael G. Wystrach, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>Jeffrey Ciachurski, *et al.*,<br><br>　　　　　　　Defendants. | CV 05-119 TUC DCB<br><br>**ORDER** |

Pending before this Court is Defendants' Motion for Award of Attorney's Fees. For the reasons set forth below, Defendants' Motion is denied.

**I.   INTRODUCTION**

On February 2, 2005, Defendants filed a motion to dismiss in state court, where this case originated. Two weeks later, February 15, 2005, Defendants removed Plaintiffs' suit to this Court. For more than four months thereafter, there was no activity in this case, including any opposition by Plaintiffs to the pending motion to dismiss.

Accordingly, on June 6, 2005, this Court ordered Plaintiffs to show cause why their case should not be dismissed for failure to prosecute. Noting that their motion to dismiss was still pending, Defendants moved for the summary disposition of their still unopposed motion to dismiss. Plaintiffs, in turn, filed their response to the order to show cause, their opposition to Defendants' motion to dismiss, as well as a motion to enlarge their time in which to respond to the motion to dismiss.

Finding that Plaintiffs' failure to timely respond to Defendants' motion to dismiss, or to seek additional time in which to do so, did not constitute excusable neglect under Rule 6(b)(2), Fed.R.Civ.P., this Court denied Plaintiffs' motion for enlargement and granted Defendants' motion to dismiss on July 16, 2005.

Defendants filed the pending motion for attorney's fees on July 25, 2005. Plaintiffs filed their notice of appeal on August 15, 2005, and then responded to Defendants' motion for fees on September 6, 2005.

## II.     DISCUSSION

### A.     Standard for Granting Attorney's Fees

As this Court sits in diversity, it must apply Arizona law regarding the award of attorney's fees. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Under Arizona law, the prevailing party in a contract action is eligible for an award of attorney's fees. A.R.S. § 12-341.01. Merely because a party is eligible for such an award, however, does not necessarily mean the party is entitled to such an award. *See Phoenix Central v. Dean Witter Reynolds, Inc.*, 768 F.Supp. 702, 703 (D.Ariz. 1991).

In *Associated Indemnity Corp. v. Warner*, 149 Ariz. 567, 694 P.2d 1181 (1985), the Arizona Supreme Court established six standards by which courts may determine whether attorney's fees should be awarded under § 12-341.01. Those standards are:

> (1) whether the unsuccessful party's claim or defense was meritorious;
> (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;
> (3) whether assessing fees against the unsuccessful party would cause an extreme hardship;
> (4) whether the prevailing party prevailed with respect to all of the relief sought;
> (5) whether the legal question presented was novel and whether such a claim or defense had previously been adjudicated in this jurisdiction; and
> (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.

*Id.* at 570, 694 P.2d at 1184.

1  In the present case, Plaintiffs' claims had at least some merit and had they properly
2  responded to Defendants' motion to dismiss, there is no guarantee that Defendants' motion
3  would have been granted. Also, to grant Defendants more that $17,000.00 for doing little
4  more than availing themselves of Plaintiffs' negligence, seems unduly harsh. Furthermore,
5  there was nothing particularly novel or unique about Defendants' motion to dismiss and
6  subsequent motion for summary disposition. Finally, while Defendants are technically the
7  prevailing parties, they did not prevail on the merits. Rather, their victory was purely
8  procedural.

9  Based on the above analysis, this Court does not find that Defendants are entitled
10 to their attorney's fees under A.R.S. § 12-341.01.

11 **Accordingly,**

12 **IT IS ORDERED** that Defendants' Motion to Award of Attorney's Fees
13 (document 33) is **DENIED.**

14 DATED this 28th day of September, 2005.

David C. Bury
United States District Judge